# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TJF SERVICES, INC., d/b/a CAPE FEAR FLOORING & RESTORATION, CHAPPELL CREATIVE, INC., RUSTY ALLEN INSURANCE LLC, and CHRIS HERRMANN,

**DEFENDANTS**
TRANSPORTATION MEDIA, INC. d/b/a BENCH CRAFT COMPANY, an Oregon corporation

**(b)** County of Residence of First Listed Plaintiff    Cumberland County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Multnomah County,Oregon
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aaron C. Hemmings & Kelly A. Stevens
Hemmings & Stevens, P.L.L.C.
5540 McNeely Drive, Suite 202, Raleigh, NC 27612 (919) 277-0161

Attorneys *(If Known)*
Jonathan W. Anderson
The Law Office of Jonathan W. Anderson, PLLC
2021 Fairview Road, Raleigh, NC 27608 (919) 578-3075

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government    Plaintiff

☐ 2   U.S. Government    Defendant

☐ 3   Federal Question     *(U.S. Government Not a Party)*

☒ 4   Diversity     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1441 AND 28 USC 1446
Brief description of cause:
Plaintiffs allege Defendant committed fraud with respect to marketing contracts - N.C.G.S. 75.1.1, et seq.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    **DEMAND $**     CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE      DOCKET NUMBER

DATE   12/19/2017     SIGNATURE OF ATTORNEY OF RECORD   *Jon Anderson*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. _____

TJF SERVICES, INC., d/b/a CAPE FEAR
FLOORING & RESTORATION, CHAPPELL
CREATIVE, INC., RUSTY ALLEN INSURANCE, )
LLC and CHRIS HERRMANN, on behalf of each of )
them and all others similarly situated, )
      Plaintiff(s), )
  )
  )
        v. ) **SUPPLEMENTAL REMOVAL COVER**
  ) **SHEET**
TRANSPORTATION MEDIA, INC. d/b/a BENCH )
CRAFT COMPANY, an Oregon corporation )
  )
      Defendant(s). )

       **The removing party must complete this Supplemental Removal Cover Sheet and comply with Local Civil Rule 5.3. Attach separate sheets as necessary to provide complete responses.**

### Section A—Plaintiffs

List the full name of each plaintiff from the state court action and indicate whether the plaintiff is pending (i.e., in case currently), dismissed, or otherwise terminated at the time of removal. If dismissed or terminated, indicate the date of dismissal/termination

| Full Name of Plaintiff | Pending at time of removal – Yes/No? | Dismissed or terminated? Yes/No? | Date of Dismissal or Termination |
|---|---|---|---|
| TJF SERVICES, INC. d/b/a CAPE FEAR FLOORING & RESTORATION | YES | NO | N/A |
| CHAPPELL CREATIVE, INC. | YES | NO | N/A |
| RUSTY ALLEN INSURANCE, LLC | YES | NO | N/A |
| CHRIS HERRMANN | YES | NO | N/A |
| | | | |

## Section B—Defendants

List the full name of each defendant from the state court action and indicate whether the defendant is pending, dismissed or otherwise terminated at the time of removal. If dismissed or terminated, indicate the date of dismissal/termination. If known, indicate if and when each defendant was served with process and whether the defendant joins in the removal.

| Full Name of Defendant | Pending at time of removal? Yes/No? | Dismissed or terminated? Yes/No? (If yes, state date of termination) | Has defendant been served with process? Yes/No/Unknown? | If served with process, date of service? | Does the defendant join in removal? Yes/No? |
|---|---|---|---|---|---|
| TRANSPORTATION MEDIA, INC. d/b/a BENCH CRAFT COMPANY | YES | NO | YES | 10/19/2017 | YES |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Section C—Removal pursuant to 28 U.S.C. § 1442(d)(1)

Is only part of the state court action being removed pursuant to 28 U.S.C. § 1442(d)(1)?
Yes [ ]      No [✓]

If "Yes," specify what portion of the state court action is being removed, and then proceed to the signature page. If "No," proceed to Section D.

_____

_____

_____

2

## Section D—Pending State Court Motions as of Date of Removal

Is there currently a temporary restraining order or preliminary injunction in place in this action from state court? Yes ☐ No ☑

List every known motion pending at the time of removal. Indicate the name of the filer, the date of filing, whether the motion has a supporting memorandum, and whether the motion is time sensitive, such as a motion for preliminary injunction.

| Title of Pending Motion | Name of Filer | Date of Filing | Memorandum—Yes/No? | Time sensitive? Yes/No? |
|---|---|---|---|---|
| MOTION FOR ADMISSION PRO HAC VICE | Jonathan W. Anderson, Defendant's Local Counsel | 12/1/2017 | NO | NO |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## Section E—Scheduled State Court Hearings as of Date of Removal

| Date and Time of Hearing | Hearing Type | Assigned State Court Judge |
|---|---|---|
| NONE | | |
| | | |
| | | |

3

Date: 12|19|17

/s/ Jonathan W. Anderson
Signature of Attorney for Removing Party or
Unrepresented Removing Party

Printed Name  Jonathan W. Anderson

Law Firm  The Law Office of Jonathan W. Anderson, PLLC

Address  2021 Fairview Road, Raleigh, NC 27608

Telephone Number  919-578-3075

Fax Number  919-573-0806

Email Address:  jon@lawofficejwa.com

State Bar No.  37990

Date: 12|19|17

/s/ Randal B. Acker  Signature of
Attorney for Removing Party or Unrepresented Removing Party

Printed Name  Randal B. Acker

Law Firm  Acker & Associates P.C.

Address  525 SW Jackson Street, Portland, OR 97201

Telephone Number  503-228-2495

Fax Number  503-228-8442

Email Address:  acker@ackerlaw.com

State Bar No.  921879

4

**Randal B. Acker, OSB #921879**
E-mail: acker@ackerlaw.com
ACKER & ASSOCIATES P.C.
525 SW Jackson Street
Portland, OR 97201
Tel: 503-228-2495
Fax: 503-228-8442
Attorney for Defendant

**Johnathan W. Anderson, NC Bar #37990**
E-mail: jon@lawofficejwa.com
JOHNATHAN W. ANDERSON, PLLC
2021 Fairview Road
Raleigh, NC 27608
Telephone: (919) 578-3075
Fax: (919) 573-0806
Local Civil Rule 83.1 Counsel for Defendant

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TJF SERVICES, INC., d/b/a CAPE FEAR FLOORING & RESTORATION, CHAPPELL CREATIVE, INC., RUSTY ALLEN INSURANCE, LLC, and CHRIS HERRMANN, on behalf of each of them and all others similarly situated, | Case No. _____ |
| Plaintiffs. | **DEFENDANT'S NOTICE OF REMOVAL** |
| vs. | (Wake County General Court of Justice, Superior Court Division Case No. 17 CV 12596) |
| TRANSPORTATION MEDIA, INC, d/b/a BENCH CRAFT COMPANY, an Oregon corporation, | |
| Defendant. | |

///

Page 1 of 4 – DEFENDANT'S NOTICE OF REMOVAL

**TO:** The Clerk of the U.S. District Court for the Eastern District of North Carolina

PLEASE TAKE NOTICE that, pursuant to 28 USC §§1441 and 1446, Defendant Transportation Media, Inc. hereby removes to this Court the case now pending in Wake County General Court of Justice, Superior Court Division, as *TJF Services v. Transportation Media, et al.*, Case No. 17 CV 12596. All defendants, as there is only one, join in this removal.

As grounds for removal, Defendant states as follows:

## I.    PROCESS, PLEADINGS AND ORDERS

1.    Plaintiffs filed a complaint in this action now pending in Wake County General Court of Justice, Superior Court Division as *TJF Services v. Transportation Media, et al.*, Case No. 17 CV 12596. Pursuant to 28 USC §1446(a), all state court papers served on Defendant at the time of removal, consisting of Plaintiffs' Complaint, Summons, and Affidavit of Service, are attached as **Exhibit A, Exhibit B,** and **Exhibit C,** respectively.

2.    There is only one defendant, accordingly, all defendants join in this removal.

3.    No further proceedings have been had in the Wake County General Court of Justice, Superior Court Division, as of the date of filing of this removal.

## II.    DIVERSITY JURISDICTION

4.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332. This action may be removed pursuant to 28 U.S.C. §1441 because the action involves a controversy between citizens of different states and, based on information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    Plaintiff TJF Services Inc. was, when filing the Complaint, and is now, a corporation that is a citizen of the State of North Carolina. Plaintiff TJF Services Inc. is a North Carolina corporation that conducts business in North Carolina (Complaint, ¶2).

Page 2 of 4 –  DEFENDANT'S NOTICE OF REMOVAL

ACKER & ASSOCIATES P.C.
LAW OFFICES
525 SW JACKSON STREET
PORTLAND, OR 97201
TEL: (503) 228-2495; FAX: (503) 228-8442

6.  Plaintiff Chappell Creative, Inc. was, when filing the Complaint, and is now, a corporation that is a citizen of the State of North Carolina. Plaintiff Chappell Creative, Inc. is a North Carolina corporation that conducts business in North Carolina (Complaint, ¶3).

7.  Plaintiff Rusty Allen Insurance, LLC was, when filing the Complaint, and is now, a limited liability company that is a citizen of the State of North Carolina. Plaintiff Rusty Allen Insurance, LLC. is a North Carolina limited liability company that conducts business in North Carolina (Complaint, ¶4).

8.  Plaintiff Chris Herrmann resides in and is a citizen of North Carolina (Complaint, ¶5).

9.  Defendant was, when the Complaint was filed, and is now, a citizen of the State of Oregon as, pursuant to 28 U.S.C. §1332(c)(1), Defendant was incorporated in Oregon and has its principal place of business in Oregon.

10.  The principal place of business can only be a single location and is located in the state where the corporation's headquarters is located, or where a corporation's officers direct, control, and coordinate the corporation's activities, i.e., the nerve center. *Hertz v. Friend*, 559 U.S. 77 (2010). Defendant's headquarters and nerve center is located in Oregon.

11.  Based on information and belief, Plaintiffs allege money damages of more than $75,000, exclusive of interest and costs.

## III.   REMOVAL TO THIS DISTRICT IS PROPER

12.  Pursuant to 28 USC §§1332, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

13.  Pursuant to 28 USC §1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.

Page 3 of 4 –  DEFENDANT'S NOTICE OF REMOVAL

ACKER & ASSOCIATES P.C.
LAW OFFICES
525 SW JACKSON STREET
PORTLAND, OR 97201
TEL: (503) 228-2495; FAX: (503) 228-8442

14.    Defendant is providing to Plaintiffs, through Plaintiffs' lawyer, written notice of the filing of this Notice of Removal.  Further, Defendant is filing a copy of this Notice of Removal with the Clerk of the Wake County General Court of Justice, Superior Court Division, North Carolina, where the action is currently pending.

15.    Based on the foregoing, Defendant gives notice that the above-entitled action is hereby removed from the Wake County General Court of Justice, Superior Court Division to the United States District Court for the Eastern District of North Carolina.

Dated:  December 19, 2017.

ACKER & ASSOCIATES P.C.

/s/ Randal B. Acker
Randal B. Acker, OSB No. 921879
525 SW Jackson St.
Portland, OR 97201
Telephone: (503) 228-2495
Fax: (503) 228-8442
Email: acker@ackerlaw.com
Attorney for Defendant

JOHNATHAN W. ANDERSON, PLLC

/s/ Johnathan W. Anderson
Johnathan W. Anderson, NC Bar #37990
2021 Fairview Road
Raleigh, NC 27608
Telephone: (919) 578-3075
Fax: (919) 573-0806
Email: jon@lawofficejwa.com
Local Civil Rule 83.1 Counsel for Defendant

ACKER & ASSOCIATES P.C.
LAW OFFICES
525 SW JACKSON STREET
PORTLAND, OR 97201
TEL: (503) 228-2495; FAX: (503) 228-8442

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the method indicated below to the following:

**BY ELECTRONIC MAIL TO:**

Aaron C. Hemmings
ahemmings@hemmingsandstevens.com
Kelly A. Stevens
kstevens@hemmingsandstevens.com

**BY U.S. MAIL, POSTAGE PREPAID AND PROPERLY ADDRESSED TO:**

Aaron C. Hemmings & Kelly A. Stevens
Hemmings & Stevens, P.L.L.C.
5540 McNeely Drive, Suite 202
Raleigh, NC 27612

This the ⎯19⎯ day of December 2017.

CITY OF OAKS LAW

Vincent J. Nicolsen
2021 Fairview Road
Raleigh, NC 27608
Phone: (919) 578-3075
Fax: (919) 573-0806


**Exhibit A**


COPY

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
COUNTY OF WAKE      SUPERIOR COURT DIVISION

Case No.:

| | | |
|---|---|---|
| TJF SERVICES, INC. d/b/a CAPE FEAR FLOORING & RESTORATION, CHAPPELL CREATIVE, INC., RUSTY ALLEN INSURANCE, LLC and CHRIS HERRMANN, on behalf of each of them and all others similarly situated, | : : : : : : : | |
| **Plaintiffs,** | : | **CLASS ACTION COMPLAINT** |
| v. | : : : | |
| TRANSPORTATION MEDIA, INC., d/b/a BENCH CRAFT COMPANY, | : : : | |
| **Defendant.** | : : | |

NOW COME Plaintiffs, TJF Services, Inc., d/b/a Cape Fear Flooring & Restoration, Chappell Creative, Inc., Rusty Allen Insurance, LLC and Chris Herrmann on behalf of each of them and all other North Carolina residents and companies similarly situated, and complain of Defendant, Transportation Media, Inc., d/b/a Bench Craft Company, as follows:

## INTRODUCTION

1.      This is a civil action seeking injunctive relief, monetary damages and restitution from Defendant Transportation Media, Inc., d/b/a Bench Craft Company, arising from unfair and deceptive conduct in the marketing and sale of advertising on golf courses to businesses in North Carolina.

## PARTIES

2.      Plaintiff, TJF Services, Inc., d/b/a Cape Fear Flooring and Restoration, (hereinafter referred to as "Cape Fear Flooring") is a North Carolina corporation conducting business in Cumberland County, North Carolina.

Page | 1

3.     Plaintiff, Chappell Creative, Inc. (hereinafter referred to as "Chappell Creative"), is a North Carolina corporation conducting business in Wake County, North Carolina.

4.     Plaintiff, Rusty Allen Insurance, LLC (hereinafter referred to as "Rusty Allen Insurance"), is a North Carolina limited liability company conducting business in Wake County, North Carolina.

5.     Plaintiff, Chris Herrmann, is an agent of State Farm Insurance Company who resides in and is a citizen of Wake County, North Carolina and conducts business as an insurance agent in Wake County, North Carolina.

6.     Defendant, Transportation Media, Inc., d/b/a Bench Craft Company (hereinafter referred to as "Bench Craft"), is headquartered in Portland, Oregon, conducting business in the State of North Carolina and registered with the North Carolina Secretary of State, maintaining offices at 4000 Westchase Boulevard, # 190, Raleigh, NC 27607.

## JURISDICTION & VENUE

7.     The Court has personal jurisdiction of the Defendant under N.C.G.S. § 1-75.4.

8.     The Court has subject matter jurisdiction under and by virtue of N.C.G.S. § 7A-240 and N.C.G.S. § 7A-243.

9.     Venue in this Court over this cause is proper under N.C.G.S. § 1-79 and 82.

10.     No federal causes of actions or questions are raised or asserted herein.

11.     Two-thirds (2/3) or more of the members of the proposed class of Plaintiffs herein are citizens of North Carolina.

12.     Because two-thirds (2/3) or more members of the proposed class of Plaintiffs herein are citizens of North Carolina and the Defendant Bench Craft does business in the State of North Carolina and are citizens of the same state in which this action was originally filed (North

Carolina), this action is not subject to removal to federal court under 28 U.S.C. §1332(d)(4). *See Laws v. Priority Trustee Services of N.C., L.L.C.,* 2008 WL 3539512 (W.D.N.C. Aug. 11, 2008).

13.　All conditions precedent to the filing of this action have been satisfied.

## CLASS ALLEGATIONS

### A. Class Definitions

14.　Plaintiffs bring this action as a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure ("Rule 23") on behalf of each of them and on behalf of all others similarly situated (the "Class"). Plaintiffs seek to represent the following Class:

　　a.　All individuals residing in North Carolina or companies doing business in North Carolina who have purchased golf course advertising from Bench Craft.

　　b.　The class is estimated to be over one thousand (1,000) individuals and companies.

15.　The following persons or companies shall be excluded from the Class (1) the Defendant and its subsidiaries and affiliates; (2) all persons or companies making a timely election to be excluded from the proposed Class; (3) governmental entities; (4) all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

16.　Plaintiffs reserve the right to modify or amend the Class definition(s) before the Court determines whether certification is appropriate.

17.　Defendant subjected Plaintiffs and the respective Class Members to the same unfair, unlawful and deceptive practices and harmed them in the same manner.

18.　Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

Page | 3

**B. Numerosity**

19.     The Class is so numerous that it would be impracticable to bring all Class Members before the court. Upon information and belief, Bench Craft sold the advertising at issue in this Complaint to over one thousand (1,000) North Carolina residents and companies. The individual Class Members are ascertainable, as Bench Craft maintains client lists with the names and addresses of its customers. The number of Class Members who have been damaged by Bench Craft's unfair, deceptive and illegal conduct alleged herein are clearly more than can be consolidated in one complaint such that it would be impractical for each member to bring suit individually. Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

**C. Commonality**

20.     Plaintiffs have a personal interest in the issues of laws and facts that are common to the class. There are questions of law and fact that are common to Plaintiffs and the Class Members' claims. These common questions predominate over any questions presented by any individual Class Member. Among such common questions of law and fact are the following:

    a. Whether Bench Craft misrepresented the number of course guides that would be distributed at golf courses containing its advertising;

    b. Whether Bench Craft misrepresented the number of rounds of golfs played on golf courses each year that would receive its range guides or score cards containing advertising;

    c. Whether Bench Craft engaged in deceptive up-sale tactics for advertising in golf course range guides and score cards.

    d. Whether Bench Craft made unauthorized charges for advertising on credit or bank cards of Class Members;

    e. Whether Bench Craft trained employees and gave them bonuses for implementing a deceptive sales scheme;

f. Whether Bench Craft reaped enormous profits from selling advertising it was not actually providing; and

g. Whether Class Members are entitled to damages and/or injunctive relief as a result of Bench Craft's conduct.

## D. Typicality

21. Plaintiffs are members of the Class they seek to represent and have a personal and genuine interest in the issues of law and fact that are common to the Class. Plaintiffs' claims are typical of the respective Class Members' claims because of the similarity, uniformity and common purpose of Bench Craft's unlawful conduct. Each Class Member has sustained damages in the same manner as Plaintiffs as a result of Bench Craft's wrongful conduct.

## E. Adequacy of Representation

22. Plaintiffs are adequate representatives of the Class they seek to represent and will fairly and adequately protect the interests of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in Class and complex litigation of this nature, to represent them. Plaintiffs have no interests that conflict with or are antagonistic to the interests of Class Members and there is no hostility between Plaintiffs and the unnamed Class Members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

23. To prosecute this case, Plaintiffs have chosen the undersigned law firm, which is experienced in class action litigation and which has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

24. Without the representation provided by named Plaintiffs herein, Class Members will likely not receive legal representation or redress for their injuries.

25. Plaintiffs are aware of the fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties.

**F. Superiority**

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for numerous reasons, including:

   a. Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a class-wide basis instead of on a repetitive individual basis;

   b. Absent a class action, Class Members will continue to suffer damages and Defendant's violations of law will proceed without remedy, while Defendant continues to retain its ill-gotten gains;

   c. It would impose a substantial hardship on most individual members of the Class to prosecute individual actions;

   d. When the liability of Defendant has been adjudicated, claims of all members of the Class can be determined by the Court;

   e. This action will cause an orderly and expeditious administration of the Class claims and economies of time, effort, and expense will be fostered, and uniformity of decisions will be insured; and

   f. This action presents no difficulties that would impede its management by the Court as a class action, in that (i) all questions of law and fact to be litigated at the liability stage are common to the Class; (ii) if Plaintiffs do not prevail at the class-wide liability stage, the litigation in the trial court will be determined; and (iii) if Plaintiffs do prevail at the liability stage, the parties may be able to reach a class-wide settlement, thereby obviating any need for second stage individual proceedings on damages and affirmative defenses raised as to some individual Class Member claimants.

**G. Amount in Controversy**

27. The amount in controversy exceeds the sum of $25,000.00.

## GENERAL FACTUAL ALLEGATIONS

28.     Bench Craft is headquartered in Portland, Oregon and maintains sales offices in North Carolina, Florida, Georgia, Massachusetts, Missouri, Nebraska, Texas, and Virginia.

29.     Bench Craft is engaged in the sports advertising business and sells advertising on golf courses to small businesses in North Carolina and throughout the United States.

30.     Bench Craft maintains a staff of over 100 employees in the company home office in Portland, Oregon to provide, among other services, sales support, accounting, data entry, human resources, and technical support to its eight (8) sales offices around the country.

31.     Bench Craft employs a salesforce of more than two hundred (200) in its sales offices, each led by a general sales manager.

## DECEPTIVE SALES SCHEME BY BENCH CRAFT

32.     The deceptive scheme employed by Bench Craft has essentially three levels: (i) the deceptive <u>telephone solicitation and sale</u> of advertising of a small business on golf course range guides and score cards for which Bench Craft does not deliver after taking payment, (ii) the deceptive up-sale of the initial advertising with offers of double or better placement on the golf course range cards and score cards, and (iii) the subsequent unauthorized credit card charge to the small business owner's account.

### (i) The Deceptive Telephone Solicitation and Sale

33.     Bench Craft sales employees are encouraged to avoid using their real names in favor of aliases and encouraged to set up alias email accounts on the Gmail platform where the alias is set at the first initial and last name of the alias, then .bcc@gmail.com. Approximately eighty percent (80%) of these sales employees are either terminated or resign in less than three (3)

months. Bench Craft runs perpetual ads on craiglist.com and other media to attract a revolving sales force. **Exhibit A.**

34.     Bench Craft solicits and enters into agreements with golf courses whereby Bench Craft promises to deliver "up to 5,000 course guides per year at NO COST," and the golf courses agree to provide them to golfers for free.

35.     Bench Craft then supplies its sales employees with lead booklets with a fact sheet indicating the number of golf rounds sold by that course each year and a list of local business located in the general area of the course.

36.     Bench Craft supplies its sales employees with lead booklets for use in soliciting local businesses by phone.

37.     In the case of Hyland Golf Club, located at 115 Fairway Ave., Southern Pines, North Carolina, the Bench Craft lead booklet indicated "35,000 rounds" per year. For Wildwood Green Golf Club it indicated that the club did "47,000 rounds" and at times over "50,000 rounds" per year.

38.     Bench Craft instructs its sales employees to make misrepresentations regarding the reach of the advertising it sells and the crux of those misrepresentations are to represent to the business owner that an advertisement placed on a range guide or a score card will be provided to all the golfers at that course for one year. In the case of Hyland Golf Club in Southern Pines, North Carolina, Bench Craft represented the ads would reach "35,000" golfers or groups of golfers. For Wildwood Green Golf Club and other clubs it indicated that as many "47,000 rounds" or over "50,000 rounds" were played a year.

39.     Bench Craft does not disclose and intentionally omits that its contract with the golf course only requires it to provide "up to 5,000 course guides per year," or that, in most cases, only several hundred are delivered or none at all.

40.     The victim of the deception is led to believe that paying Bench Craft $375.00 for an ad on a golf course will buy possible exposure to "35,000", "47,000" or over "50,000"golfers or groups of golfers, or other similar inflated numbers.

41.     The following are two examples of the telephone scripts:

Example A

Hi (Joe)! This is _____, I'm working with (PRO) & the _____ Golf Club on something new we're doing... It's been GREAT, everyone's been real excited, thought you'd be interested!

We're going to be providing all the members (if "club") & golfers with brand new, full color course guides that have the official scorecard included in them. This is what they will pick up in the pro shop & use on the course- it's going to be an upgraded, PGA style "scorecard book" – real nice quality.

Besides the card, there will be 2 pages dedicated to each hole. The right side page will be the overhead, aerial view of the hold from tee to green, it's going to have everything mapped out- hazards, yardage, fairways & putting.

One the opposite page, (PRO's name) is going to have "tips from the PRO"- written out advice on how to play that hole the best way.

We know we're definitely going to have the golfers full attention right here, so right below the tips we're highlighting ONE (referred) business ALL BY ITSELF with a BIG, full color attractive display spot- a (half page) custom spot where you can put whatever you want – your company info, pictures, logo, special offer- anything! We're only going to have ONE business featured per hole- (SO YOU'LL HAVE YOUR OWN BIG STAGE RIGHT THERE!)

*** The reason we called YOU is***

This course (you probably know this already) is very busy- doing over (25,000) rounds of golf per year.. and

THESE ARE ALL UPPER MIDDLE TO HIGH INCOME EARNERS- PEOPLE WITH MONEY TO SPEND... and

Over 90% of the golfers are homeowners, property owners, & people who own more than one home- like a luxury home, an investment home they are renting out, or a vacation home.. and

Over 80% of the golfers are business professionals with offices, business owners, & decision makers for businesses... and

These are people who take pride in their properties, they are going to spend money on expansions, renovations, upgrades, etc. & they are not

the "do it yourself" type- they are going to **pay** a professional to do the custom work for them. (and these are the people with the BIG homes!).
*This is a great way where you're really going to **stand out** to everyone- they're going to get very familiar with you – they will see your information on a **daily basis, over & over again** for an **entire year**, because we're making these a 12 month print, & this will put you right in the **hands of everybody**- all the way through end of 2016 (you'll get the rest of this golf season & ALL of next year!)
And- we've been keeping it non-competing so I'm only going to put **ONE** (business of your type, SO YOU'LL BE THE PREFERRED ___/all the new business & referrals will be sent your way!!)
(only say if you are putting one!)

-or-
And- we've been keeping it non-competing, so this is an excellent way to get an edge on the competition!
Wanted to see how the idea sounded to you?
**(any objection, no interest):**
That's fine!
We've had a lot of fun with this project- what we're doing is – everyone we're talking with is thinking of one or two businesses they think does really good quality work/ are really great quality businesses. (maybe a business owner friend you have... or a business you use you think is really good work- anybody come to mind off the top, just one?
And who should I ask for/ the owners name?
Thank you! Have a great day!
**(Great! How much is it?):**
The cost is the best part!! We've kept it really low (to keep it referral based).
It's a **one time** fee that for the entire 12 month year that includes **everything** (PACKAGE DEAL) all the artwork & designing of the ad- you get to work with a (professional) graphic designer that will do the entire ad for you – all the printing to cover all ___ rounds, & all the corporate tournament exposure (which usually costs extra)... it's a ONE TIME FEE- of only $375.
AND IT'S GREAT BECAUSE or – MY FAVORITE PART IS...
With all the tournaments, your company info will be in front of all the BIG NAMES (all the builders, developers, etc.) at all the corporate events for the entire 12 month year, no extra fees!
**CLOSE:**
We're just finishing up reserving the spots right now. You'll get all the detailed **ART** info by mail within 2 weeks so you'll have time to think about what you want to put in your message.
**What I'm going to do is...**
Will & Julie are handling the reservations... I'm going to hand you over to one of them real quick & they'll get a great spot reserved for you!
One moment....(put on park- feature, 74)
(after your first 5 sales:)
I have this little reservation form... I'm going to fill it out real quick while I have you on the phone & get a great spot reserved for you.
What's the best mailing address to send the art info to?

Example B

The reason we called **YOU** is-
This course (you probably know this already) **is very busy**- doing over (25,000) rounds of golf per year.. and
These are not just regular, average men & women –**THESE ARE ALL UPPER MIDDLE** TO **HIGH INCOME EARNERS- PEOPLE WITH MONEY TO SPEND**... and
Over 90% are homeowners, property owners, & people who own more than one home- like an investment home or vacation home.. and
Over 80% are business professionals- business owners, decision makers for businesses, people in top level positions (these are the doctors, the lawyers, the business executives.) .. and
Average 40-50 – these are people at the age of needing advice on wealth management & retirement planning – the type of people where they are going to **pay** a professional for advice on what to do with their money.
*This is a great way where you're really going to **stand out** to everyone- they're going to get very familiar with you – they will see your information on a **daily basis, over & over again** for an **entire year**, because we're making these a 12 month print, & this will put you right in the **hands of everybody**- all the way through the end of 2016 (you'll get the rest of this golf season & ALL of next year!)
And- we've been keeping it non-competition so I'm only going to put **ONE** (business of your type, SO YOU'LL BE THE PREFERRED ONE) (only say if you are putting one!)
-or-
And- we've been keeping it non-competing, so this is an excellent way to get an edge on the competition!
Wanted to see how the idea sounded to you?

42.     Bench Craft sales employees are required to request the business owner's credit

card information to charge the $375.00 "one-time fee" and to request a mobile phone number for

the purpose of verifying the credit card authorization of $375.00, or in some cases, $395.00.

43.     Once the business owner's credit card is charged, a manager in the office where the

sales employee is located sends a text message via a mobile phone to the business owner's mobile

phone verifying the credit card authorization.  The text message is designed to lead the recipient

to believe it was received from an automated credit card issuer's system, rather than the sales

manager's mobile phone.

44.     Entry level sales employees are paid a base salary of $2,500.00 per month with an

increase of $500.00 per month for each pay tier above, based on performance.

Page | 11

45.     Employees are also paid performance bonuses in cash for each $375.00 sale in the amount of $13.00. The performance bonus is paid in cash with no taxes withheld in direct violation of State and Federal law. These bonuses are recorded on a "Chit Sheet," which is sent from each sales office to the home office each week, with cash returned to the sales office via Federal Express for distribution by the sales office manager.

46.     To be eligible for the bonus, the business owner's mobile number is required on the "Chit Sheet" and is used by management to initiate the second level up-sale deception.

47.     Sales employees who fail to close a sale for several days are summarily terminated via a phone call from the home office after hours.

48.     Any sales initiated by a sales employee terminated during the month are credited to Bench Craft President, Charles "Charlie" R. Cobb.

### (ii) The Deceptive Up-Sale

49.     The second level of the Bench Craft deception involves the sales office managers and several management personnel from the home office commonly referred to as "flippers."

50.     The up-sale, or "flip", typically occurs shortly after the initial sale, is initiated by a sales office manager or other management, and is an offer of better placement or an increase in size of previously contracted advertisement on range guides and score cards.

51.     The "flipper" uses the mobile phone number obtained from the initial sale that was ostensibly requested by the sales employee for credit card verification.

52.     The "flipper" makes many of the same promises made by sales employees during the initial sale, represents that there are only limited spaces for sale and represents that for an additional $375.00 the business owner's ad will be enlarged and placed in a more visible location on front or back of the range guide or score card.

53. Business owners are promised delivery of a "Welcome Packet," illustrating the ad purchased, but a packet is rarely received.

### (iii) Subsequent Unauthorized Credit Card Charge

54. After the initial sale and the up-sale, Bench Craft stores the business owner's credit card information.

55. After the initial sale and the up-sale, even though the initial sales contracts are only for one year, Bench Craft managers wait approximately one to two months to charge the business owner's credit card again either $375.00 or $750.00 for a "renewal."

56. If the business owner notices the charge on their account, Bench Craft responds that it is a "renewal" and refuses to refund. If the business owner fails to recognize the charge on their credit card statement, Bench Craft continues unauthorized charges until they are stopped. Frequently, the business owner is forced to cancel the credit card given to Bench Craft to establish a different account number on the card in order to stop Bench Craft from charging the account.

### Bench Craft Reaps Enormous Profits from the Deceptive Scheme

57. Bench Craft sales reports indicate unauthorized credit card charges represent roughly thirty percent (30%) of the company's monthly revenue, which was two million two hundred ninety-eight thousand, five hundred forty-nine dollars ($2,298,549.00) for the month of January 2016.

58. Bench Craft's annual revenue from the deceptive scheme totals an average twenty-eight million dollars ($28,000,000.00).

### FACTUAL ALLEGATIONS – CAPE FEAR FLOORING

59. On or about August 18, 2015, a Bench Craft sales employee contacted Plaintiff Cape Fear Flooring and spoke to CEO, Amie Crouter, by phone.

60.     The sales employee offered Plaintiff Cape Fear Flooring a one-year advertising spot on a course guide at the Hyland Golf Club, located at 115 Fairway Avenue, Southern Pines, North Carolina at a price of three hundred seventy-five dollars ($375.00). With the purchase of the advertising, the Plaintiff Cape Fear Flooring was to receive a second free advertising spot in the King's Grant Golf & Country Club course guide located at 347 Shawcroft Road, Fayetteville, North Carolina.

61.     The sales employee explained the Hyland Golf Club sold "35,000 plus" rounds of golf per year and that a purchased ad would be available for free at the course for that many golfers or groups of golfers. The sales employee omitted the fact under Bench Craft's contract with the course, it was only responsible for providing up to five thousand (5,000) and planned to deliver much less.

62.     The sales employee promised Plaintiff Cape Fear Flooring would receive a "Welcome Packet" illustrating the ad.

63.     Based on these representations, on or about September 8, 2015, Plaintiff Cape Fear Flooring agreed to a one-year contract and to pay three hundred seventy-five dollars ($375.00) for the ad using a company credit card.

64.     Plaintiff Cape Fear Flooring did not receive the promised "Welcome Packet."

65.     Upon information and belief, Bench Craft delivered less than one thousand (1,000) course guides to the Hyland Golf Club and the King's Grant Golf & Country Club.

66.     In October 2015, another Bench Craft employee contacted Plaintiff Cape Fear Flooring offering an upgrade for seven hundred and fifty dollars ($750.00) to be included in the course guide of Deercroft Country Club with free ad placements in the Long Leaf Golf Club and King's Grant Golf & Country Club.

Page | 14

67.     Based on representations of an upgrade, on or about October 29, 2015, Plaintiff, Cape Fear Flooring paid seven hundred fifty dollars ($750.00) using a company credit card.

68.     On or about February 2016, Bench Craft again charged Plaintiff Cape Fear Flooring's credit card seven hundred and fifty dollars ($750.00) without authorization or contract.

69.     On or about April 2016, Bench Craft again charged the Plaintiff Cape Fear Flooring's credit card seven hundred and fifty dollars ($750.00) without authorization or contract.

70.     Plaintiff Cape Fear Flooring never received any call or new business from any advertisement sold to her by Bench Craft.

71.     Bench Craft's actions proximately caused and Plaintiff, Cape Fear Flooring has suffered damages that include, but are not limited to, two thousand six hundred twenty-five dollars ($2,625.00) paid to Bench Craft for which Plaintiff received little to nothing of value in return.

72.     Bench Craft fraudulently concealed the deceptive sales scheme from the Plaintiff and Class Members who were subjected to the same scheme.

### FACTUAL ALLEGATIONS – CHAPPELL CREATIVE

73.     On or about November 11, 2014, a Bench Craft sales employee contacted Chappell Creative regarding advertising in golf course guides for Wildwood Green Golf Club located at 3000 Ballybunion Way, Raleigh, North Carolina.  The sales employee offered a one year advertisement for three hundred and seventy-five dollars ($375.00).

74.     On November 11, 2014, Paul M. Gubbini, a representative of Bench Craft sent an email to the owner of Chappell Creative with information regarding Bench Craft and representing that "last year the course did over 50,000 rounds of golf…". **Exhibit B.**  The sales employee omitted the fact that under Bench Craft's contract with the course, it was only responsible for providing up to five thousand (5,000) and planned to deliver much less.

75. Based on representations made by Bench Craft as to the large number of people the advertising would reach, Chappell Creative agreed to the advertising and on November 12, 2014 authorized a payment of three hundred and seventy-five dollars ($375.00) to Bench Craft.

76. On or about May 1, 2015, a Bench Craft sales employee again contacted Chappell Creative trying to sell more advertising on the same golf club with Wildwood Green Golf Club stating that another hole had opened up because an advertiser had dropped out and promising Chappell Creative it would extend both contracts for two (2) years if it paid another three hundred seventy-five dollars ($375.00).

77. Based on multiple promises again made by Bench Craft, Chappell Creative agreed to the advertising and on May 1, 2015, Bench Craft charged the credit card of Chappell Creative another three hundred seventy-five dollars ($375.00).

78. Upon information and belief, Bench Craft actually provided no benefit to Chappell Creative for the second advertising spot on the same golf course. There was no confirmation or verification that an ad was actually placed and that the course guides promised were delivered.

79. Upon information and belief, Bench Craft delivered less than one thousand (1,000) course guides to the Wildwood Green Golf Club and provided no verification that course guides were provided at all for additional advertising.

80. Plaintiff Chappell Creative never received any call or new business from any advertisement sold to it by Bench Craft.

81. Bench Craft's actions proximately caused and Plaintiff, Chappell Creative has suffered damages that include, but are not limited to seven hundred fifty dollars ($750.00) paid to Bench Craft for which Plaintiff received little to nothing of value in return.

82.     Bench Craft fraudulently concealed the deceptive sales scheme from the Plaintiff and Class Members who were subjected to the same scheme.

## FACTUAL ALLEGATIONS – RUSTY ALLEN INSURANCE

83.     On or about November 2014, a Bench Craft sales employee contacted Plaintiff Rusty Allen Insurance, and spoke to business owner, Rusty Allen, by phone.

84.     The sales employee offered Plaintiff Rusty Allen Insurance two one-year advertising spots in the course guide (one on the scorecard page) at the Wildwood Green Golf Club, located at 3000 Ballybunion Way, Raleigh, North Carolina.

85.     Per the scheme, the sales employee explained the Wildwood Green Golf Club sold "47,000 rounds" of golf per year and that a purchased ad would be available for free at the course for that many golfers or groups of golfers. The sales employee omitted the fact that under Bench Craft's contract with the course, it was only responsible for providing up to five thousand (5,000) and planned to deliver much less.

86.     The sales employee promised Plaintiff Rusty Allen Insurance it would receive a "Welcome Packet" illustrating the ad.

87.     Based on these representations, Plaintiff Rusty Allen Insurance agreed to a one-year contract and to pay seven hundred fifty dollars ($750.00) for the ad using a company debit card on November 17, 2014.

88.     Plaintiff Rusty Allen Insurance did not receive the promised "Welcome Packet."

89.     Upon information and belief, if Bench Craft delivered any course guides with Rusty Allen Insurance, LLC listed, less than one thousand (1,000) course guides were delivered to the Wildwood Green Golf Club.

90.     Three days later, a different Bench Craft employee called Plaintiff Rusty Allen Insurance offering an upgrade in the form of the same deal on the Falls Village Golf Course, located at 115 Falls Village, Drive, Durham, North Carolina. The sales employee made similar misrepresentations as in the case of the Wildwood Green Golf Club regarding the number of rounds sold and the reach of the ads for sale.

91.     Based on representations, Plaintiff Rusty Allen Insurance authorized two three hundred seventy-five dollar ($375.00) debits using a company debit card.

92.     Upon information and belief, if Bench Craft delivered any course guides with Rusty Allen Insurance, LLC listed, less than one thousand (1,000) course guides were delivered to the Falls Village Golf Course.

93.     After several inquiries, Plaintiff Rusty Allen Insurance received course guides for Wildwood Green Golf Club and Falls Village Golf Course from Defendant showing ads for Rusty Allen Insurance, LLC.  However, no ad for Rusty Allen Insurance, LLC was placed on the score card page.

94.     Plaintiff never received any call or new business from any advertisement sold by Bench Craft.

95.     Bench Craft's actions proximately caused and Plaintiff has suffered damages that include, but are not limited to, one thousand five hundred dollars ($1,500.00) paid to Bench Craft for which Plaintiff received little to nothing of value in return.

96.     Bench Craft fraudulently concealed the deceptive sales scheme from the Plaintiff and Class Members who were subjected to the same scheme.

### FACTUAL ALLEGATIONS – CHRIS HERRMANN

97.     On or about September 26, 2014, a Bench Craft sales employee contacted and spoke to Plaintiff, Chris Herrmann, an agent for State Farm Insurance Company.

98.     The sales employee offered Plaintiff Chris Herrmann a one-year advertising spot on a course guide at the Wildwood Green Golf Club, located at 3000 Ballybunion Way, Raleigh, North Carolina.

99.     Per the scheme, the sales employee explained the Wildwood Green Golf Club sold "47,000 rounds" of golf per year and that a purchased ad would be available for free at the course for that many golfers or groups of golfers. The sales employee omitted the fact that under Bench Craft's contract with the course, it was only responsible for providing up to five thousand (5,000) and planned to deliver much less.

100.    The sales employee promised Plaintiff Chris Herrmann he would receive a "Welcome Packet" illustrating the ad.

101.    Based on these representations, Plaintiff Chris Herrmann agreed to a one-year contract and to pay three hundred seventy-five dollars ($375.00) for the ad using a credit card on September 26, 2014.

102.    Plaintiff Chris Herrmann did not receive the promised "Welcome Packet."

103.    Two days after agreeing to purchase the advertising, on September 28, 2014, another Bench Craft employee called Chris Herrmann again offering an upgrade in the form of another year and placement on a score card page at Wildwood Green Golf Club for an additional three hundred seventy-five dollars ($375.00). The sales employee made similar misrepresentations as in the case of the Wildwood Green Golf Club regarding the number of rounds sold and the reach of the ads for sale.

104. Based on representations, Plaintiff Chris Herrmann authorized an additional three hundred seventy-five dollar ($375.00) payment with his credit card on September 28, 2014.

105. Upon information and belief, Bench Craft only delivered approximately two thousand (2,000) course guides to the Wildwood Green Golf Club for this advertising.

106. Plaintiff never received any call or new business from any advertisement sold by Bench Craft.

107. Bench Craft's actions proximately caused and Plaintiff has suffered damages that include, but are not limited to, seven hundred fifty dollars ($750.00) paid to Bench Craft for which Plaintiff received little to nothing of value in return.

108. Bench Craft fraudulently concealed the deceptive sales scheme from the Plaintiff and Class Members who were subjected to the same scheme.

## FIRST CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practice – N.C.G.S. § 75.1.1, *et seq.*

109. The allegations in paragraphs 1 through 108 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth herein.

110. Bench Craft made false statements of fact to Plaintiff Cape Fear Flooring, Plaintiff Chappell Creative, Plaintiff Rusty Allen Insurance, Plaintiff Chris Herrmann and Class Members through the deceptive scheme described in this Complaint.

111. The statements made by Bench Craft to Plaintiffs that an advertisement purchased for golf clubs would be available for free at the course for "35,000 rounds", "47,000 rounds" over "50,000 rounds" or similarly inflated numbers of golfers or groups of golfers was false, and Bench Craft was aware the statements were false as it only distributed less than 5,000 course guides to clubs.

Page | 20

112. Bench Craft made these false statements for the purpose of inducing Plaintiffs Cape Fear Flooring, Chappell Creative, Rusty Allen Insurance, Chris Herrmann and Class Members to rely on them.

113. Plaintiff Cape Fear Flooring, Plaintiff Chappell Creative, Plaintiff Rusty Allen Insurance and Plaintiff Chris Herrmann and other Class Members believed Bench Craft employees, relied on their statements and acted accordingly in paying for golf course advertising.

114. Plaintiff Cape Fear Flooring, Plaintiff Chappell Creative, Plaintiff Rusty Allen Insurance, Plaintiff Chris Herrmann and Class Members believed Bench Craft employees, relied on their statements and acted accordingly in paying additional monies for upgrades and additional advertising.

115. Bench Craft was deceptive when it charged Plaintiff Cape Fear Flooring's credit card seven hundred and fifty dollars ($750.00) without authorization or contract in February 2016 and again in April 2016.

116. Bench Craft was deceptive when it charged other Class Members credit and debit cards without authorization or contract.

117. Bench Craft was deceptive when it charged Plaintiff and other Class Members' credit and debit cards for "upgrades" and "additional advertising" when none was actually provided.

118. Plaintiff Cape Fear Flooring, Plaintiff Chappell Creative, Plaintiff Rusty Allen Insurance and Plaintiff Chris Herrmann have suffered damages for amounts it paid to Bench Craft for which each received nothing of value in return and other Class Members have suffered damages for amounts it paid to Bench Craft for nothing of value for this deceptive scheme.

119.   The sale of advertising services to businesses in North Carolina by Bench Craft constitutes "commerce" as that term is defined by Chapter 75 of the North Carolina General Statutes and the acts alleged in this Complaint have and continue to have a substantial effect on business operations in North Carolina.

120.   Under North Carolina law, methodical deceptive schemes to defraud businesses and paying cash bonuses in violation of Federal and State tax laws to achieve that purpose, constitute the type of unfair and unscrupulous behavior which the North Carolina Unfair and Deceptive Trade Practices Act seeks to prevent.

121.   The acts and conduct on the part of Bench Craft constitute unfair and deceptive trade practices in that:

a.   Bench Craft instituted a scheme to make false statements to business owners in order to reap enormous profits;

b.   Bench Craft's systematic methodical scheme of dishonest representations to Plaintiffs concerning the true nature of advertisements on Golf Club course guides, as well as the unauthorized charging of Plaintiffs' credit card, was a "unfair" act within the meaning of the North Carolina Unfair and Deceptive Trade Practices Act as the misrepresentations were deliberate acts to mislead and did in fact mislead Plaintiffs;

c.   Bench Craft's systematic methodical scheme of dishonest representations to Plaintiffs concerning the true nature of advertisements on the Golf Club course guides, as well as the unauthorized charging of Plaintiffs' credit card, was "deceptive" within the meaning of the North Carolina Unfair and Deceptive Trade Practices Act as the misrepresentations were unethical and unscrupulous;

d.   Bench Craft's systematic methodical scheme of dishonest representations to Plaintiffs concerning the true nature of advertisements on the Golf Club course guides, as well as the unauthorized charging of Plaintiffs' credit card was "unfair" and "deceptive" and in violation of  North Carolina Unfair and Deceptive Trade Practices Act;

e.   The acts of Bench Craft complained of herein possess the tendency or capacity to mislead, or create the likelihood of deception;

f.   The acts of Bench Craft complained of herein violate public policy, amount to an inequitable assertion of its power and position, are immoral, unethical, oppressive,

Page | 22

unscrupulous, and/or substantially injurious to Plaintiffs and other North Carolina consumers;

g. The acts of Bench Craft complained of herein are unconscionable;

h. The acts of the Defendant complained of herein constitute aggravating circumstances in the violation of the advertising contracts with Plaintiffs and members of the Class in North Carolina;

i. Bench Craft fraudulently concealed the deceptive sales scheme from the Plaintiffs and the Class Members in North Carolina; and

j. The actions of Bench Craft complained of herein are substantially injurious to North Carolina businesses and were committed willfully.

122.    These violations proximately caused damages to Plaintiff Cape Fear Flooring, Plaintiff Chappell Creative, Plaintiff Rusty Allen Insurance, Plaintiff Chris Herrmann and Class Members.

123.    As a proximate cause of the actions of Bench Craft alleged in this Complaint, Plaintiff Cape Fear Flooring, Plaintiff Chappell Creative, Plaintiff Rusty Allen Insurance, Plaintiff Chris Herrmann and Class Members in North Carolina have suffered damages for payments to Bench Craft for which the companies received nothing of value in return.

124.    These and other acts by Bench Craft through its agents and employees constitute unfair and deceptive trade practices and entitle Plaintiffs to recover treble damages, attorney fees and such other relief that is authorized by applicable statutes.

## SECOND CLAIM FOR RELIEF
### (Punitive Damages Pursuant to N.C.G.S. § 1D-15)

125. The allegations in paragraphs 1 through 124 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth herein.

126.    Defendant's acts, omissions, and course of conduct, in dealing with Plaintiffs constitute fraud, malice and/or willful or wanton conduct.

Page | 23

127. Defendant's fraud, malice and/or willful or wanton conduct were related to Plaintiffs' claims for fraud, unfair and deceptive trade practices and unjust enrichment.

128. Specifically, as set forth more fully herein, Bench Craft developed and operated a systematic methodical scheme of dishonest representations to Plaintiffs concerning the true nature of advertisements on golf courses, as well as the unauthorized charging of Plaintiffs' credit cards that caused Plaintiffs' damages.

129. Bench Craft developed and operated a methodical and fraudulent scheme to defraud businesses and violated Federal and State tax laws to achieve that purpose.

130. Bench Craft's owners, officers and managers knowingly developed the fraudulent scheme and knowingly operated the fraudulent scheme.

131. Bench Craft's owners, officers and managers participated in and/or condoned the malice and/or willful or wanton conduct as described herein by continuing the fraudulent scheme despite the clear and continuing violations of the North Carolina law.

**WHEREFORE**, Plaintiff prays:

1. Declaring this action to be a proper class action maintainable pursuant to Rule 23 and declaring Plaintiff Cape Fear Flooring, Plaintiff Chappell Creative, Plaintiff Rusty Allen Insurance Company and Plaintiff Chris Herrmann and their counsel to be representatives of the Class.

2. Preliminary and permanent injunctive relief enjoining Defendant Bench Craft from continuing the acts and practices described above.

3. Restitution of all unauthorized charges collected by Defendant from Plaintiffs and the Class members in North Carolina in an amount to be determined at trial;

4. Disgorgement of the funds derived from the Defendant's misconduct.

Page | 24

5.       Actual damages in an amount according to proof;

6.       Treble damages and attorney fees as authorized by chapter 75 of the North Carolina General Statutes;

7.       Pre-judgment interest at the highest rate permitted by law;

8.       The costs incurred by Plaintiffs and the Class in connection with this action, including reasonable attorney fees for class counsel;

9.       Judgment against Bench Craft for punitive damages pursuant to N.C.G.S. § 1D-15;

10.      For such other and further relief as the Court may deem just and proper; and

11.      The Court conduct a trial by jury on all issues.


Dated: October 16, 2017

Aaron C. Hemmings, NC Bar No.: 29810
Kelly A. Stevens, NC Bar No. 27066
Hemmings & Stevens, P.L.L.C
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone: (919) 277-0161
Fax:     (919) 277-0162
ahemmings@hemmingsandstevens.com
kstevens@hemmingsandstevens.com
*Attorneys for the Plaintiffs and Class*



CL raleigh > jobs > business/mgmt



EXHIBIT

A

Posted 4 days ago on: 2017-09-24 1:16pm

Contact Information:

# NEW BUSINESS SALES|| MONEY MOTIVATED||GUARANTEED BASE SALARY (RALEIGH)







4000 Westchase Blvd

compensation: **GUARANTEED BASE–MONTHLY BONUSES-DAILY CASH**

employment type: **full-time**

NEW OFFICE NEAR IN RALEIGH NEAR PNC ARENA... APPLY TODAY

Scheduling interviews for This Week... Immediate hire starting following Monday!

We are searching for exceptional people with the drive to succeed. You are competitive, ambitious & persistent -- in other words, you welcome a challenge and have a strong work ethic! This is a great opportunity to further yourself into a lucrative career with a stable company. We advance from within!

Bench Craft Company opened our doors over 34 years ago & work with close to 4,000 golf courses across the U.S. We are the industry leader in creating custom golf products for courses. We find local businesses to sponsor the products we provide to each course. It is a great opportunity for businesses to be featured in front of middle to high income people (GOLFERS) all throughout the nation.

• SALES experience - outbound call center SALES experience definitely a PLUS
• Highly motivated & dependable
• Positive attitude
• Mature & professional demeanor in person & on the phone
• Excellent verbal communication skills

QR Code Link to This Post



Case 5:17-cv-00626-RN   Document 1   Filed 12/19/17   Page 36 of 46

9/28/2017, 9:50 PM

We offer the highest compensation package for this industry. We offer a guaranteed base salary+ monthly bonuses (uncapped earning potential) & daily cash spiffs. Average sales representatives here make anywhere from $50k-$80k in their first year. In your second year you have the very real ability to make six figures and start climbing up the ladder towards a Senior level position.

- Base salary + Bonuses (uncapped)
- Benefits (medical, dental & vision) + 401K Options
- Paid Vacation/Holidays & Sick Leave
- Great schedule: Monday - Friday, 8:30am-5:30pm
- NO Nights or Weekends!
- TOP NOTCH Training Program that is paid

** TO APPLY please submit an updated resume or call Larry 971-222-5994**

Case 5:17-cv-00626-RN   Document 1   Filed 12/19/17   Page 37 of 46

**From:** Paul Gubbini <paulgubbini.benchcraft@gmail.com>
**Date:** Tuesday, November 11, 2014 at 3:05 PM
**To:** Glenn Chappell <glenn@chappellcreative.com>
**Subject:** Wildwood Golf Course



Glenn
This will be a hole/scorecard exclusive for 12 months ....4 holes left and one of the Score card spots....please contact me today to reserve your company spot...

Please, click VIEW FULL SIZE..to view the "full guide"-score card is in the back..

http://www.benchcraftcompany.com/gallerycourseguides/

The following link gives great insight to the golf crowd demographic.

http://www.benchcraftcompany.com/demographics/

You would be spot lighted as a hole sponsor in every yardage book for the entire year. Last year the course did over 50,000 rounds of golf .......

***The hole dedication in the yardage book is a one time fee for the year of $399 which includes graphic art work!

***The cost to be featured on the scorecard page is just $750.
If you elect to be on the score card, I can offer you a comp..(ask me!) thanks...

Thank you,
Paul M. Gubbini
Bench Craft Company Inc
paulgubbini.benchcraft@gmail.com
813-908-4060

Exhibit B        COPY



# STATE OF NORTH CAROLINA

File No. _____

**WAKE** _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| **Name And Address Of Plaintiff 1**<br>TJF Services, Inc., d/b/a Cape Fear Flooring & Restoration<br>5719 Shenandoa Drive<br>Fayetteville, NC 28304 | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING   ☐ SUBSEQUENT FILING |
| **Name And Address Of Plaintiff 2**<br>Chappell Creative, Inc.<br>13904 Possum Track Road<br>Raleigh, NC 27614 | Rule 5(b), General Rules of Practice For Superior and District Courts |

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)
Aaron Hemmings
Hemmings & Stevens, P.L.L.C.
5540 McNeely Drive, Suite 202
Raleigh,                                    NC      27612

| | |
|---|---|
| **VERSUS** | Telephone No.<br>919.277.0161 |
| | Cellular Telephone No.<br>919.349.8780 |

**Name Of Defendant 1**
Transportaion Media, Inc., d/b/a Bench Craft Company

| NC Attorney Bar No.<br>29810 | Attorney E-Mail Address<br>ahemmings@hemmingsandstevens.com |
|---|---|

| Summons Submitted ☒ Yes ☐ No | ☒ Initial Appearance in Case | ☐ Change of Address |
|---|---|---|

| **Name Of Defendant 2** | Name Of Firm<br>Hemmings & Stevens, P.L.L.C. |
|---|---|
| | FAX No.<br>919.277.0162 |
| | Counsel for<br>☒ All Plaintiffs   ☐ All Defendants   ☐ Only (list party(ies) represented) |
| Summons Submitted ☒ Yes ☐ No | |

| ☒ Jury Demanded In Pleading | ☐ Amount in controversy does not exceed $15,000 |
|---|---|
| ☐ Complex Litigation | ☐ Stipulate to arbitration |

## TYPE OF PLEADING

| (check all that apply) | (check all that apply) |
|---|---|
| ☐ Amend (AMND) | ☐ Failure To State A Claim (FASC) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR) |
| ☐ Amended Complaint (AMND) | ☐ Improper Venue/Division (IMVN) |
| ☐ Assess Costs (COST) | ☐ Including Attorney's Fees (ATTY) |
| ☐ Answer/Reply (ANSW-Response) *(see Note)* | ☐ Intervene (INTR) |
| ☐ Change Venue (CHVN) | ☐ Interplead (OTHR) |
| ☒ Complaint (COMP) | ☐ Lack Of Jurisdiction (Person) (LJPN) |
| ☐ Confession Of Judgment (CNJF) | ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) |
| ☐ Consent Order (CONS) | ☐ Modification Of Child Support In IV-D Actions (MSUP) |
| ☐ Consolidate (CNSL) | ☐ Notice Of Dismissal With Or Without Prejudice (VOLD) |
| ☐ Contempt (CNTP) | ☐ Petition To Sue As Indigent (OTHR) |
| ☐ Continue (CNTN) | ☐ Rule 12 Motion In Lieu Of Answer (MDLA) |
| ☐ Compel (CMPL) | ☐ Sanctions (SANC) |
| ☐ Counterclaim (CTCL) *Assess Court Costs* | ☐ Set Aside (OTHR) |
| ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs* | ☐ Show Cause (SHOW) |
| ☐ Dismiss (DISM) *Assess Court Costs* | ☐ Transfer (TRFR) |
| ☐ Exempt/Waive Mediation (EXMD) | ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL) |
| ☐ Extend Statute Of Limitations, Rule 9 (ESOL) | ☐ Vacate/Modify Judgment (VCMD) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Withdraw As Counsel (WDCN) |
| ☐ Failure To Join Necessary Party (FJNP) | ☒ Other (specify and list each separately)<br>Class Action Complaint |

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 1/14                                    (Over)
© 2014 Administrative Office of the Courts

## CLAIMS FOR RELIEF

| | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | ☐ Medical Malpractice (MDML) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Minor Settlement (MSTL) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Money Owed (MNYO) | ☒ Other (specify and list each separately) |
| ☐ Collection On Account (ACCT) | ☐ Negligence - Motor Vehicle (MVNG) | NC Unfair and Deceptive Trade Practices |
| ☐ Condemnation (CNDM) | ☐ Negligence - Other (NEGO) | NCGS Section 75.1.1 |
| ☐ Contract (CNTR) | ☐ Motor Vehicle Lien G.S. 44A (MVLN) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Possession Of Personal Property (POPP) | |
| ☒ Injunction (INJU) | | |

| Date | Signature Of Attorney/Party |
|---|---|
| 10.16.17 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

__WAKE__ County

File No.

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>TJF Services, Inc., d/b/a Cape Fear Flooring & Restoration | |
| *Address*<br>5719 Shenandoah Drive | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *City, State, Zip*<br>Fayetteville,       NC       28304 | |

### VERSUS

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| *Name Of Defendant(s)*<br>Transportation Media, Inc., d/b/a Bench Craft Company | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

### To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1*<br>Transportation Media Inc., d/b/a Bench Craft Company<br>C/O National Registered Agents, Inc.<br>160 Mine Lake Ct., Suite 200<br>Raleigh       NC       27615-6417 | *Name And Address Of Defendant 2* |
|---|---|

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Aaron Hemmings<br>Hemmings & Stevens, P.L.L.C.<br>5540 McNeely Drive, Suite 202<br>Raleigh       NC       27612 | *Date Issued*<br>10-16-17 | *Time*<br>4 | ☐ AM  ☒ PM |
|---|---|---|---|
| | *Signature*<br>☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* | ☐ AM  ☐ PM |
|---|---|---|---|
| | *Signature* | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

Exhibit C

COPY

**STATE OF NORTH CAROLINA**
**COUNTY OF WAKE**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**Case No.:**

---

|  |  |  |
|---|---|---|
| TJF SERVICES, INC. d/b/a CAPE FEAR FLOORING & RESTORATION, CHAPPELL CREATIVE, INC., RUSTY ALLEN INSURANCE, LLC and CHRIS HERRMANN, on behalf of each of them and all others similarly situated, | : : : : : : : : | **CLASS ACTION COMPLAINT** |
| **Plaintiffs,** | : | |
| v. | : : | |
| TRANSPORTATION MEDIA, INC., d/b/a BENCH CRAFT COMPANY, | : : : | |
| **Defendant.** | : | |

---

NOW COME Plaintiffs, TJF Services, Inc., d/b/a Cape Fear Flooring & Restoration, Chappell Creative, Inc., Rusty Allen Insurance, LLC and Chris Herrmann on behalf of each of them and all other North Carolina residents and companies similarly situated, and complain of Defendant, Transportation Media, Inc., d/b/a Bench Craft Company, as follows:

### INTRODUCTION

1.       This is a civil action seeking injunctive relief, monetary damages and restitution from Defendant Transportation Media, Inc., d/b/a Bench Craft Company, arising from unfair and deceptive conduct in the marketing and sale of advertising on golf courses to businesses in North Carolina.

### PARTIES

2.       Plaintiff, TJF Services, Inc., d/b/a Cape Fear Flooring and Restoration, (hereinafter referred to as "Cape Fear Flooring") is a North Carolina corporation conducting business in Cumberland County, North Carolina.

Page | 1

**STATE OF NORTH CAROLINA**

**COUNTY OF WAKE**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**Case No.: 17 CV 12596**

| | |
|---|---|
| TJF SERVICES, INC, d/b/a/ CAPE FEAR FLOORING & RESTORATION, CHAPPELL CREATIVE, INC., RUSTY ALLEN INSURANCE, LLC and CHRIS HERRMANN, on behalf of each of them and all others similarly situated, : : : : : : : : | |
| Plaintiff, : : | **AFFIDAVIT OF SERVICE OF DEFENDANT TRANSPORTATION MEDIA, INC., d/b/a BENCH CRAFT COMPANY,** |
| v. : : : : | |
| TRANSPORTATION MEDIA, INC., d/b/a BENCH CRAFT COMPANY, : : : | |
| Defendant. : | |

I, the undersigned, hereby certifies that a copy the Summons and Complaint in this action was duly served upon the Defendant, Transportation Media, Inc., d/b/a Bench Craft Company, according to Rule 4 of the North Carolina Rules of Civil Procedure. The Summons and Complaint were addressed to the Defendant c/o its Registered Agent in North Carolina, National Registered Agents, Inc., 160 Mine Lake Court, Suite 200, Raleigh, NC 27615-6417 on October 19, 2017 and served by certified mail on the 20th day of October, 2017. The signed Return of Service are attached hereto as Exhibits A & B and incorporated by reference.

Sworn to and subscribed before me
This the 3_0__ day of October, 2017.

_____
Notary Public

My commission expires: MAY 12, 2019

EDWARD L. ROLING
Notary Public, North Carolina
Wake County
My Commission Expires
May 12, 2019

_____
Aaron C. Hemmings, NC Bar No.: 29810
Hemmings & Stevens, P.L.L.C
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone: (919) 277-0161
Fax: (919) 277-0162
Email:ahemmings@hemmingsandstevens.com
*Attorney for the Plaintiffs*

Page 1 of 2

CERTIFICATE OF SERVICE

The undersigned has this date served the foregoing Certificate and Affidavit of Service of Defendant, Transportation Media, Inc., d/b/a Bench Craft Company, by depositing a copy of the same in the United States Mail, postage paid, in the manner and form as prescribed by the North Carolina Rules of Civil Procedure to:

Transportation Media, Inc.
C/O National Registered Agents, Inc.
160 Mine Lake Ct., Suite 200
Raleigh, North Carolina 27615-6417

Date at Raleigh, October 30, 2017

Aaron C. Hemmings, NC Bar No.: 29810
Hemmings & Stevens, P.L.L.C
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone: (919) 277-0161
Fax:    (919) 277-0162
Email:ahemmings@hemmingsandstevens.com
*Attorney for the Plaintiffs*

US POSTAGE

HASLER
$5.380
FIRST-CLASS

017H15511286
10/17/2017
Mailed From 27612

CERTIFIED MAIL

7009 0820 0002 1472 8963

HS

HEMMINGS & STEVENS

Attorneys at Law
5540 McNeely Dr. Suite 202
Raleigh, NC 27612

Transportation Media, Inc.
C/O National Registered Agents, Inc.
160 Mine Lake Ct. - Suite 200
Raleigh, North Carolina 27615-6417

EXHIBIT
A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent / ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Transportation Media, Inc.
C/O National Registered Agents, Inc.
160 Mine Lake Ct. - Suite 200
Raleigh, North Carolina 27615-6417

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered     ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 0820 0002 1472 8963

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

O F F I C I A L   U S E

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Postmark Here

Sent To

Transportation Media, Inc. C/O
National Registered Agents, Inc.
160 Mine Lake Ct. - Suite 200

7009 0820 0002 1472 8963

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent / ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                9/3/17

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Transportation Media, Inc.
C/O National Registered Agents, Inc.
160 Mine Lake Ct. - Suite 200
Raleigh, North Carolina 27615-6417

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered     ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 0820 0002 1472 8963

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**EXHIBIT B**