IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-626-FL

| | | |
|---|---|---|
| TJF SERVICES, INC. d/b/a CAPE FEAR FLOORING & RESTORATION; CHAPPELL CREATIVE, INC.; RUSTY ALLEN INSURANCE, LLC; and CHRIS HERRMAN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| TRANSPORTATION MEDIA, INC. d/b/a BENCH CRAFT COMPANY, an Oregon corporation, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiffs' corrected motion to remand. (DE 15). The issues presented are ripe for ruling. For the reasons that follow, plaintiffs' motion is denied.

**BACKGROUND**

Plaintiffs filed this putative class action in Wake County Superior Court on October 16, 2017, estimating the class size in this case to be over 1,000 North Carolina individuals and companies. Plaintiffs seek injunctive relief, monetary damages including punitive damages, and restitution "arising from unfair and deceptive conduct in the marketing and sale of advertising on golf courses to businesses in North Carolina," in violation of North Carolina General Statutes §§ 75.1.1, et seq. (Compl. (DE 4-3) at 1, 20, and 23). Plaintiffs served their complaint on defendant on October 19, 2017.

On December 19, 2017, defendant filed a notice of removal to this court, asserting that the

action may be removed because the action involves a controversy between citizens of different states and "based on information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (DE 4 at 2).

On January 4, 2018, plaintiffs filed the instant corrected motion to remand, arguing in part defendant has failed to plead or establish the amount in controversy. Specifically, plaintiffs argue in part that the class suit does not meet the jurisdictional requirements under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d)(2), which requires that the amount in controversy exceed $5,000,000.00. Defendant filed a response on January 18, 2018, arguing the court has traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332. On January 23, 2018, plaintiffs filed a reply.

## DISCUSSION

A.  Standard of Review

A civil action which is brought in state court, but over which federal courts have original jurisdiction, may be removed by a defendant to the federal district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). As applicable here, the notice of removal of a civil action or proceeding must be filed within 30 days of when defendant receives a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," a notice of removal may be filed within 30 days after defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[1]

---

[1] A case may not be removed under this subsection on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

Regarding the court's jurisdiction, "[b]ecause removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

Section 1331 of Title 28 confers original jurisdiction upon the federal district courts to adjudicate claims "arising under" federal law. Section 1332 confers original jurisdiction upon the federal district court to adjudicate civil actions "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States[.]" Additionally, 28 U.S.C. § 1367 permits federal district courts to exercise supplemental jurisdiction over state law claims that arise from a "common nucleus of operative fact" shared with any federal claim presented in the same civil action. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

In 2005, Congress enacted CAFA in response to perceived misuse of the class-action device. Johnson v. Advance Am., 549 F.3d 932, 935 (4th Cir. 2008). As relevant here, CAFA relaxes diversity jurisdiction requirements and provides district courts authority over class actions with 1) more than 100 class members, 2) an amount in controversy exceeding $5,000,000.00 and 3) minimally diverse parties. 28 U.S.C. § 1332(d)(2), (5).[2]

---

[2] In the context of removals pursuant to CAFA, defendant still bears the burden of demonstrating that jurisdiction is proper. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296-97 (4th Cir. 2008).

B.  Analysis

   1.  Amount in Controversy Requirement

Plaintiffs appear to argue that the only jurisdictional basis for a class action lawsuit in federal court is CAFA, and therefore because defendant has failed to plead or establish the amount in controversy necessary for jurisdiction pursuant to CAFA, the court must remand the case. However, federal jurisdiction can be based on either traditional diversity jurisdiction pursuant to 28 U.S.C. § 1367 or on CAFA. See Dell Webb Communities, Inc. v. Carlson, 817 F.3d 867, 870-71 (4th Cir.) (2016) (holding district court had both diversity jurisdiction and jurisdiction under CAFA).

Here, defendant asserts traditional diversity jurisdiction as the basis for this court's jurisdiction and has alleged that the amount in controversy exceeds $75,000.00. See Scott v. Cricket Communications, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (citing Dart Cherokee Basin Op. Co. v. Owens, 135 S. Ct. 547, 553 (2014)) ("The Supreme Court was clear . . . the liberal rules of pleading apply to removal allegations."). Plaintiffs do not challenge defendant's claim that the amount in dispute exceeds $75,000.00, only that the amount in dispute exceeds $5,000,000.00.[3] Therefore, the court finds the amount in controversy requirement satisfied as required under traditional diversity jurisdiction. See 28 U.S.C. § 1367.

   2.  Filing Notice of Removal Requirement

Plaintiffs additionally contend that defendant failed to file its notice of removal within 30 days of receipt of plaintiff's complaint.

In plaintiffs' complaint, plaintiffs allege that the "amount in controversy exceeds the sum

---

[3] Although plaintiffs state generally in their motion to remand that defendant fails to state facts to support the required amount in controversy to allow the matter to be removed to federal court, (see DE 16 at 4), plaintiffs then clarify in their reply that defendant fails to state facts to support the required amount in controversy pursuant solely to CAFA (see DE 22 at 2).

4

of $25,000.00" and alleges an unspecified amount in punitive damages. (DE 4-3 at 6). Defendant argues that because this initial pleading did not provide facts to establish removal, pursuant to 28 U.S.C. § 1446(b)(3), the 30-day requirement for defendant to file a notice of removal did not begin until defendant received "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," which in this case was received by defendant in early January through correspondence between the parties. In this correspondence, defendant requests that plaintiffs stipulate, and plaintiffs refuse to do so, that plaintiffs are seeking no more than $75,000.00 in this lawsuit. (See Defendant's counsel's letter of January 4, 2018 (DE 21-2) and subsequent email exchange between counsel on January 10, 2018 (DE 21-3)).[4]

In this case, the 30-day time period for removal began when defendant received indication that the amount of controversy in this case exceeds $75,000.00, exclusive of interests and costs. See Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC, 865 F.3d 181, 187 (4th Cir. 2017) ("Accordingly, under the statute, the 30-day removal period is triggered upon the defendant's 'receipt' of such a 'motion, order or other paper.'"); Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir.1997) ("[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days."); Hurley v. CBS Corp., 648 F. App'x 299, 304 (4th Cir. 2016) (citing Lovern) ("Thus, until the defendant receives some indicia of removability, the 30–day clock does not begin to run."). Accordingly, removal was timely under 28 U.S.C. 1446(b).

---

[4] Plaintiffs do not dispute that the correspondence between the parties constitutes the "other paper" referenced in 28 U.S.C. §1446(b)(3). See Northrop Grumman, 865 F.3d at 186–87 ("We first observe that we have interpreted the 'motion, order or other paper' requirement broadly to include 'any information received by the defendant, whether communicated in a formal or informal manner.'") (citation omitted).

3.   Diversity of Parties

Plaintiffs do not contend that the diversity requirement is lacking here. According to submissions by defendant, plaintiffs are citizens of North Carlina. (DE 4 at 2-3). Defendant is a citizen of Oregon. (Id. at 3). Therefore the parties are diverse, and all requirements for diversity jurisdiction are met.

**CONCLUSION**

Based on the foregoing, plaintiffs' corrected motion to remand (DE 15) is DENIED.

SO ORDERED, this the 6th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge